IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD R. CEPHAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA MARINE TRADE ASSOCIATION,<br><br>　　and<br><br>INTERNATIONAL LONGSHOREMAN'S ASSOCIATION<br><br>　　　　Defendants. | Civil Action No. 04-871-SLR |

**PHILADELPHIA MARINE TRADE ASSOCIATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Philadelphia Marine Trade Association ("PMTA"), by and through its Counsel, Klett Rooney Lieber & Schorling, hereby responds to the Complaint, as follows:

**Background Facts**

　　　　1.　　PMTA is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and, accordingly, said allegations are denied.

　　　　2.　　Denied as stated. PMTA is a multi-employer association of stevedore businesses. PMTA admits that it maintains an office at 475 N. 5th Street, Second Floor, Philadelphia, PA 19123. The remaining allegations are denied.

3.   Denied as stated. Defendant admits that the International Longshoreman's Association ("ILA") is a Union. Upon information and belief, Defendant answers that ILA-Local 1694 maintains an address at 200 South Claymont Street, Wilmington, Delaware, 19899.

4.   Denied as stated. Defendant admits that plaintiff is a member of ILA-Local 1694 and that plaintiff was hired by a PMTA member-employer as a casual employee on November 16, 1984.

5.   Admitted in part and denied in part. PMTA admits only that PMTA and the ILA maintain a benefit fund entitled the PMTA/ILA Containerization Fund. The remaining allegations are denied.

### Jurisdiction

6.   Denied.

7.   Denied.

### Complaint

8.   Denied as stated. Defendant admits only that the PMTA/ILA Containerization Fund was created due to the introduction of containerization. Defendant denies that the Containerization Fund was created because the number of man-hours was decreased as a result of an increased number of containers being stuffed and stripped at non-ILA facilities.

9.   Admitted.

10.  Denied.

11.  Denied.

12.  Denied as stated. Defendant admits only that PMTA/ILA Containerization Fund payments are made annually to "basic unit" employees who: (1) meet an

annual 600 work-hour eligibility requirement and (2) were members of the "basic unit" prior to 1990.

13. Denied.

14. Denied as stated. Defendant admits only that the PMTA/ILA Containerization Fund mistakenly made a payment to plaintiff in 2001. The PMTA/ILA Containerization Fund has demanded the payment be refunded.

15. Admitted in part and denied in part. PMTA admits only that PMTA is aware that plaintiff has sought payment from the PMTA/ILA Containerization Fund for some of the years in question. PMTA is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and, accordingly, said allegations are denied.

16. Denied.

17. Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all the relief requested as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to exhaust the mandatory grievance and arbitration process provided by the collective bargaining agreement between PMTA and ILA-Local 1694.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed for failure to join a necessary party.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed as the alleged amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed for lack of complete diversity as required by 28 U.S.C. § 1332.

**WHEREFORE**, Defendant PMTA requests that plaintiff's Complaint be dismissed with prejudice and judgment entered in Defendant's favor, together with an award of reasonable attorneys' fees and costs, and such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
ALFRED J. D'ANGELO, JR. (# 2164)
JAMES J. SULLIVAN, JR. (# 2266)
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

Attorneys for Defendant
Philadelphia Marine Trade Association

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2005, I electronically filed Defendant Philadelphia Marine Trade Association's Answer and Affirmative Defenses with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record, and by first class mail, postage prepaid, upon the following:

>Richard R. Cephas
>808 Towne Ct.
>Wilmington, DE 19801

>and

>William Haller, Esquire
>Freedman & Lorry, P.C.
>400 Market Street, Suite 900
>Philadelphia, PA 19106
>Counsel for Defendant
>International Longshoreman's Association

_____
JAMES J. SULLIVAN, JR. (#2266)
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

Attorneys for Defendant
Philadelphia Marine Trade Association