IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD R. CEPHAS,<br><br>        Plaintiff,<br><br>v.<br><br>PHILADELPHIA MARINE TRADE ASSOCIATION,<br><br>        and<br><br>INTERNATIONAL LONGSHOREMAN'S ASSOCIATION,<br><br>        Defendants. | Civil Action No. 04-871-SLR |

### PHILADELPHIA MARINE TRADE ASSOCIATION'S
### MOTION TO JOIN AN ADDITIONAL DEFENDANT

Defendant, Philadelphia Marine Trade Association ("PMTA"), hereby moves to join the PMTA-ILA Container Royalty Fund ("the Fund") as an additional Defendant pursuant to Rule 19 and Rule 21 of the Federal Rules of Civil Procedure. In support whereof, Defendant relies on the reasons set forth in the accompanying Memorandum of Law being filed herewith. For the reasons set forth below and in the accompanying Memorandum of Law, PMTA respectfully requests that its Motion to Join an Additional Defendant be granted.

1. Plaintiff Richard Cephas ("Plaintiff") filed the instant action in the United States District Court for the District of Delaware alleging that Plaintiff is entitled to Container Royalty Fund payments and demanding "$17,000, plus costs, interests and other equitable relief."

2. Plaintiff named the International Longshoreman's Association ("ILA") and the Philadelphia Marine Trade Association ("PMTA") as Defendants in the matter.

3. In or about February, 1973, ILA and PMTA established the Fund through which certain eligible members of the ILA could draw benefits to compensate them for lost employment due to a technological advance in ship loading known as "containerization."

4. Benefits are paid directly to the eligible individuals by the Fund. The Fund is a separate legal entity administered by a Board of Trustees. Neither the ILA nor the PMTA is responsible for making benefits payments to eligible employees.

5. The Board of Trustees' responsibilities include, but are not limited to, establishing the conditions of fund eligibility, receiving and collecting contributions to the fund, investing and reinvesting the fund's principal and income, and determining when employees are entitled to benefits.

6. Title to all money accrued in the Fund is vested solely with the Board of Trustees.

7. Plaintiff failed to name the Fund as a Defendant in this action.

8. Granting this motion to join the Fund as an additional Defendant is feasible and is in the interest of justice as the Fund maintains a clear interest in the disposition of its funds.

WHEREFORE, Defendant PMTA requests that the Court grant this motion to join the PMTA-ILA Container Royalty Fund as an additional Defendant.

                                                  /s/
ALFRED J. D'ANGELO, JR. (# 2164)
JAMES J. SULLIVAN, JR. (# 2266)
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware  19801
(302) 552-4200

Attorneys for Defendant
Philadelphia Marine Trade Association

July 15, 2005