IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD R. CEPHAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA MARINE TRADE ASSOCIATION,<br><br>　　and<br><br>INTERNATIONAL LONGSHOREMAN'S ASSOCIATION,<br><br>　　　　Defendants. | :<br>:<br>:<br>:  Civil Action No. 04-871-SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF PHILADELPHIA MARINE TRADE ASSOCIATION'S MOTION TO JOIN AN ADDITIONAL DEFENDANT**

　　　　　　　　　　　　　　　　　　　ALFRED J. D'ANGELO, JR. (# 2164)
　　　　　　　　　　　　　　　　　　　JAMES J. SULLIVAN, JR. (# 2266)
　　　　　　　　　　　　　　　　　　　Klett Rooney Lieber & Schorling, P.C.
　　　　　　　　　　　　　　　　　　　The Brandywine Building
　　　　　　　　　　　　　　　　　　　1000 West Street, Suite 1410
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　(302) 552-4200

　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　Philadelphia Marine Trade Association

July 15, 2005

I.  **INTRODUCTION**

Plaintiff Richard Cephas ("Plaintiff") filed the instant action in the United States District Court for the District of Delaware alleging that Plaintiff is entitled to certain Container Royalty Fund payments. In his Complaint, Plaintiff demands "$17,000, plus costs, interests and other equitable relief." Plaintiff filed the instant action against the International Longshoreman's Association ("ILA") and the Philadelphia Marine Trade Association ("PMTA"). Plaintiff failed to name the Container Royalty Fund ("the Fund") as a Defendant in this matter.

II.  **STATEMENT OF FACTS**

Prior to the 1960's, ILA-represented longshoremen manually loaded and unloaded cargo by physically carrying the cargo on and off vessels when they called on a port. In or about the late 1960's - early 1970's, however, freight ships began carrying cargo in large crates called containers. Because of the container's size and weight, longshoremen could no longer manually load and unload a ship's cargo without mechanical assistance. Accordingly, the stevedore businesses that employed the longshoremen began using cranes to load and unload cargo. This process is known as containerization.

While containerization increased the efficiency of loading and unloading ships, containerization also decreased the need for human labor. As a result, ILA-represented longshoremen saw their hours and pay decrease. In order to mitigate some of the longshoremen's lost wages, in or about February of 1973, ILA and PMTA bargained for and agreed to establish the Fund. Pursuant to the parties' agreement, employers agreed to contribute a fixed dollar amount to the Fund for every ton of containerized cargo, which the Fund held in trust to distribute to certain eligible employees as a supplement to their lost wages.

In creating the Fund, ILA and PMTA established a separate legal entity that is administered by a Board of Trustees. Among other things, the Board of Trustees is responsible

for: establishing the conditions of fund eligibility; receiving and collecting contributions to the fund; investing and reinvesting the fund's principal and income; and determining when employees are entitled to benefits. More importantly, for purposes of the instant action, the agreement establishing the Fund also provides:

> Title to all of the money, property and income paid into, acquired by, or accrued to the Fund shall be vested in and remain exclusively in the Board of Trustees of the Fund, and no benefits or monies of the Fund shall be subject in any manner to anticipation, or to voluntary or involuntary alienation, and any attempt to anticipate or alienate shall be void.

See Containerization Agreement at Article VII, Section 1.[1]

Because Plaintiff seeks an adjudication stating that he is eligible for benefits distributed by the Fund -- a determination that only the Fund can make -- and asks this Court to award monies from the Fund's holdings, the Fund is a necessary party to the instant action.

## III.   ARGUMENT

In determining whether a party should be joined under Rule 19, the Court must apply a two-part inquiry. Johnson & Johnson v. Coopervision, Inc., 72 F.Supp. 1116, 1121 (D. Del. 1989). First, the Court must determine whether the party is "necessary" to the action. Id. If the Court finds that the party is necessary, the Court must then determine whether joining the party is feasible. Id. Under Rule 19(a), a party is necessary if, in its absence: (1) complete relief cannot be accorded to the present parties, (2) the disposition of the action would impair the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. Id. at 1121-1122.

It is well settled that a welfare fund, by and through its trustees, is a necessary party to a suit contesting the proper administration of the fund. See Maita v. Killeen, 165

---

[1] A copy of Article VII, Section 1 is attached hereto as Exhibit A.

3

F.Supp. 471, 473 (E.D. Pa. 1979). In <u>Maita</u>, the plaintiff, who was a member of the steamfitters union, sued the administrator of his local union and the multi-employer bargaining association -- who together had jointly created a retirement benefit plan -- for unpaid retirement benefits. <u>Id.</u> at 472. However, the plaintiff did not sue the trust itself. In <u>Maita</u>, the Court found that the trust, by and through its trustees, was a necessary party to the plaintiff's action. <u>Id.</u> at 473.

The facts in <u>Maita</u> are nearly identical to Plaintiff's Amended Complaint in the instant action. Here, Plaintiff filed an action against his union, the ILA, and the multi-employer bargaining association, PMTA, for Container Royalty Fund benefits. Stated simply, Plaintiff is challenging the administration of the Fund. However, as in <u>Maita</u>, Plaintiff, who is appearing *pro se*, failed to name the Fund as a party Defendant. As <u>Maita</u> makes it clear that the Fund is a necessary party to this action, the Fund should be joined as a defendant provided that joinder is feasible -- the second step in the Court's two-part inquiry.

Here joinder is clearly feasible. Plaintiff filed the instant action invoking this Court's jurisdiction under 28 U.S.C. § 1332. While Plaintiff is a resident of Delaware and alleges that ILA and PMTA are residents of Pennsylvania, the Fund is also a resident of Pennsylvania. Accordingly, joinder would not deprive this Court of jurisdiction and joinder is feasible. Accordingly, the Fund should be joined as a necessary party.

## IV. CONCLUSION

For the reasons stated herein, Defendant PMTA respectfully requests that its motion to join an additional party be granted.

Respectfully requested,

_____
ALFRED J. D'ANGELO, JR. (# 2164)
JAMES J. SULLIVAN, JR. (# 2266)
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

Attorneys for Defendant
Philadelphia Marine Trade Association

July 15, 2005